**BRILL LEGAL GROUP, P.C.**

Tel: (888) 315-9841 | www.brill-legal.com

Peter E. Brill
David Gray
Mitchell Hirsch*
Rita Bonicelli*
Matthew Haicken*
James Moschella*
*Of Counsel

May 24, 2022

<u>Via ECF</u>
Hon. P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: ***United States v. Anthony Hughes***
21 Cr. 630

Dear Judge Castel:

I represent Mr. Hughes. I write with a request for a 60-day adjournment of the motion in limine and proposed voir dire deadlines and the final pre-trial conference.

After a review of the government's plea agreement with Mr. Hughes last week, two issues have come to light that are causing Mr. Hughes hesitation in scheduling a change of plea. While he does not wish to proceed to trial, we disagree with the government's calculation of Mr. Hughes' criminal history and its interpretation of the alleged relevant conduct surrounding the offense. To be more specific, the government alleges that Mr. Hughes is a career offender and that he attempted to murder certain individuals by shooting at them on the date of incident for which he is charged with possession of ammunition. We disagree with both aspects of the plea agreement, and after extensive conversations on these topics with them, it appears highly unlikely that the government will change its position.

Should Mr. Hughes plead guilty without a plea agreement at this stage instead, we would be facing an extensive *Fatico* hearing on these issues, amounting to a mini-trial.

A proposed middle ground is that the Court order the preparation of a partial Pre-Sentence Report prior to Mr. Hughes pleading pursuant to the provision in Fed. R. Crim. P. 32(e)(1) that provides that "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty …"

A similar request was recently partially granted in this district in *United States v. McLarty (Michael Cato)*, 21-cr-498 (AT). The decision is attached. Similar requests were made in *United States v. Anderson*, 2019 WL 4979919 (N.D. W. Va. Oct. 8, 2019) and *United States v. Sanchez*, 2016 WL 3920178 (D. Utah Jul. 18, 2016). Both courts observed that pre-plea PSRs are not

---

[Handwritten annotation]: Application DENIED. With all due respect to the Office of Probation, its calculation of the CHC resolves nothing. It is the Court that decides the CHC only after hearing the parties at the time of sentencing. The Court has no plans to issue an advisory opinion. DENIED

---

306 Fifth Avenue
Penthouse
New York, N.Y. 10001

| 64 Hilton Avenue
Hempstead, N.Y. 11550

| 150 Motor Parkway
Suite 401
Hauppauge, N.Y. 11788

advisable for several reasons including that the interview of the defendant, an integral part of the PSR, could be incomplete as the defendant balances the availability of a pre-plea PSR against his right against self-incrimination.

Mr. Hughes is likely to plead guilty but has significant disagreements with the plea offer. If the Probation Department were asked to prepare a calculation of his criminal history, there would be at least one less area of contention for a *Fatico* hearing. Accordingly, as the courts did in *Anderson* and *Sanchez*, we respectfully request that Your Honor order the Probation Department to prepare the criminal history portion of the PSR and provide that portion to only Mr. Hughes and the government.

Mr. Hughes would consent to the exclusion of time to allow the preparation of the partial PSR, which we understand is likely to take up to 60 days.

After a general discussion of this topic earlier today, AUSA Heavey expressed opposition to this request.

Finally, should the Court deny this request, we respectfully request a two-week adjournment of the above-mentioned deadlines and hearing date to allow us to make a final determination about how to proceed.

Thank you for your consideration.

Respectfully submitted,

Peter E. Brill